MEMORANDUM **
This is a petition for review of the Board of Immigration Appeals’ (“BIA”) order denying petitioner’s application for cancellation of removal and “motion for admission of additional evidence.”
We have reviewed the response to the court’s September 4, 2008 order to show cause, and we conclude that petitioner has failed to raise a colorable constitutional or legal claim to invoke our jurisdiction over the portion of the BIA’s order denying his application for cancellation of removal. See Martinez-Rosas v. Gonzales, 424 F.3d 926 (9th Cir.2006); Torres-Aguilar v. INS, 246 F.3d 1267, 1271 (9th Cir.2001). Accordingly, the court dismisses this portion of the petition for review for lack of jurisdiction. See 8 U.S.C. § 1252(a)(2)(B); Romero-Torres v. Ashcroft, 327 F.3d 887, 892 (9th Cir.2003); Montero-Martinez v. Ashcroft, 277 F.3d 1137, 1144 (9th Cir.2002).
We review the BIA’s ruling on motions to reopen for abuse of discretion. See Perez v. Mukasey, 516 F.3d 770, 773 (9th Cir.2008).
The BIA did not abuse its discretion in considering petitioner’s “motion for admission of additional evidence” as a motion to reopen. See, e.g., Socop-Gonzalez v. INS, 272 F.3d 1176, 1180 (9th Cir.2001) (“The purpose of a motion to reopen is to present new facts or evidence that may entitle the alien to relief from deportation.”). Moreover, the BIA correctly concluded that the evidence presented in the motion did not establish prima facie eligibility for cancellation of removal. See, e.g., Mendez-Gutierrez v. Ashcroft, 340 F.3d 865, 869-70 (9th Cir.2003) (stating that “prima facie eligibility for the relief sought is a prerequisite for the granting of a motion to reopen”). Accordingly, the court denies the petition for review in part because the questions raised by this petition for review as to the “motion for admission of additional evidence” are so insubstantial as not to require further argument. See United States v. Hooton, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).
All other pending motions are denied as moot. The temporary stay of removal and voluntary departure confirmed by Ninth Circuit General Order 6.4(c) and Desta v. Ashcroft, 365 F.3d 741 (9th Cir.2004), shall continue in effect until issuance of the mandate.
PETITION FOR REVIEW DISMISSED in part; DENIED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.